UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RADLEY J. BRADFORD,<br><br>    Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A.<br><br>    Defendant. | Case No. 4:21-cv-02400 |

## COMPLAINT

**NOW COMES** Radley J. Bradford ("Plaintiff"), by and through his undersigned counsel, complaining as to the conduct of JP Morgan Chase Bank, N.A. ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue in the Southern District of Texas is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Texas.

## PARTIES

5. Plaintiff is a natural person, who at all times relevant resided in Southern District of Texas.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

1

7. Defendant is a National Banking Association organized under the laws of the United States with its principal place of business located at 270 Park Avenue, New York, New York. Chase is a foreign company formed under the laws of Delaware, a creditor, lender, furnisher of credit information, and servicer of mortgage loans across the country, including in the state of Texas. Chase is a furnisher of information to the major credit reporting agencies, including Experian Information Solutions, Inc. ("Experian").

## FACTUAL ALLEGATIONS

8. Prior to the events giving rise to this cause of action, Plaintiff obtained a credit card account ("subject account") with Defendant.

9. In December 2019, Defendant closed the subject account and Plaintiff no longer had any business relationships with Defendant.

10. In June 2021, Plaintiff discovered that his Experian credit report was showing numerous unauthorized monthly inquiries from Defendant since January 2021.

11. Specifically, Defendant requested and Experian furnished Plaintiff's credit report on January 28, 2021, February 28, 2021, March 22, 2021, March 29, 2021, March 30, 2021, April 1, 2021, April 11, 2021, April 28, 2021, May 1, 2021, May 25, 2021, May 28, 2021, June 1, 2021, June 23, 2021, and lastly on July 1, 2021. At no point in the months in which Defendant inquired about his Experian credit had Plaintiff applied for or obtained credit from Defendant.

12. On July 1, 2021, Plaintiff placed a phone call to Defendant, as he believed that all of his business dealings with Chase had been terminated.

13. During this phone call, Defendant admits that Plaintiff's debts were closed in December 2019 and had been charged off.

14. Accordingly, Plaintiff was perplexed by Defendant's acquisition of his highly confidential and private credit information.

15. Defendant intentionally misrepresented to Experian that Plaintiff was attempting to obtain credit with them, had a current credit relationship, or had a current business relationship with Plaintiff. Defendant's misrepresentation and false certifications resulted in Experian releasing highly confidential and sensitive personal information concerning Plaintiff to Defendant.

16. Plaintiff had no account or business transactions with Defendant at the time these inquiries were made. Plaintiff's previous indebtedness to Defendant had been closed and charged off in December 2019. There were no further business transactions between the parties.

17. Defendant accessed Plaintiff's credit report on no less than 14 occasions without the consent or knowledge of Plaintiff.

18. Defendant obtained Plaintiff's credit report and/or credit information under false pretenses and that the purpose of such access was for an "Account Review" by falsely representing an account that no longer existed.

19. Plaintiff did not have any open accounts to be "reviewed" by Defendant, after Defendant closed the subject account in December of 2019.

20. It is Defendant's standard business pattern and practice to illegally access consumer reports under false pretenses. Despite numerous disputes complaining about illegal access to consumer credit reports, Defendant intentionally and knowingly failed to correct their policy of accessing these reports under false pretenses.

21. The actions taken by Defendant were done with malice. They were done wantonly, recklessly, and willfully, and were done with either the desire to harm Plaintiff or with the

knowledge that its actions would very likely harm Plaintiff, and that its actions were taken in violation of the law.

22. Defendant has engaged in a pattern of practice of wrongful and unlawful behavior with respect to accounts and consumer credit reports.

23. Defendant both negligently and willfully violated the Fair Credit Reporting Act by impermissibly obtaining Plaintiff's credit report on no less than 14 occasions without the consent or knowledge of Plaintiff.

24. Defendant had no legitimate business need for Plaintiff's credit report at the time that it requested copies of Plaintiff's credit reports from Experian. The credit inquiries were recorded on Plaintiff's credit report and decreased Plaintiff's credit score.

## IMPACT OF DEFENDANT'S IMPERMISSIBLE PULLS OF PLAINTIFF'S CREDIT FILE

25. The conduct of Defendant has caused Plaintiff damages in the form of invasion of privacy, emotional distress, mental anguish, loss of sleep, and decreased credit scores.

26. Due to Defendant's conduct, Plaintiff is entitled to punitive damages, statutory damages, and all other appropriate measures to punish and deter similar future conduct by Defendant.

27. As a result of the conduct, actions, and inactions of Defendant, Plaintiff has suffered various types of damages as set forth herein, including specifically, invasion of privacy, lost time incurred curing and remediating fraudulent account activity, time and expenses reasonably incurred to prevent future fraudulent activity, credit monitoring, constant vigilance in detecting fraudulent account activity, expenses and time reasonably incurred to prevent future identity

theft related losses, injury to reputation and credit rating, time expended meeting with his attorneys, monitoring his credit file, and mental and emotional pain and suffering.

28. Due to the conduct of Defendant, Plaintiff was forced to retain counsel and his damages include reasonable attorney's fees and costs incurred in prosecuting this claim.

## CLAIMS FOR RELIEF

### Count I:
### Violation(s) of 15 U.S.C. § 1681b(f)

29. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

30. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(c) and (b).

31. Defendant is a "person" as defined by 15 U.S.C. §1681a(b).

32. Defendant is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

33. Plaintiff's Experian credit report that Defendant accessed without a permissible purpose is a "consumer report" as defined by §1681a(d)(1).

34. The FCRA prohibits any person or entity from using or obtaining a consumer credit report unless the user has a permissible purpose enumerated under the FCRA. *See* 15 U.S.C. §1681b(f).

35. Defendant violated 15 U.S.C. §1681b(f) by requesting and receiving Plaintiff's Experian credit report without Plaintiff's authorization and without a permissible purpose enumerated in the FCRA.

36. As stated above, Plaintiff does not have a current business relationship with Defendant nor has Plaintiff applied for credit with Defendant as the subject account was closed and charged-off in December of 2019.

37. Defendant willfully and maliciously violated §1681b(f) when it accessed Plaintiff's credit report without a permissible purpose under the FCRA.

38. In the alternative, Defendant negligently violated §1681b(f) by accessing Plaintiff's credit report without a permissible purpose under the FCRA.

39. As described above, Plaintiff was harmed by Defendant's conduct.

40. Upon information and belief, Defendant knowingly and systematically obtains consumer credit reports without a permissible purpose prescribed by the FCRA.

41. Upon information and belief, Defendant does not maintain policies and procedures to protect consumers' privacy interests and prevent the unlawful access of consumer credit reports.

42. Defendant's violations have deprived Plaintiff of the right to control his own personal information, which is a major aspect of privacy that is protected by the FCRA.

43. Due to Defendant's unlawful conduct, Plaintiff is entitled to actual damages, statutory damages, and punitive damages.

**WHEREFORE**, Plaintiff, RADLEY J. BRADFORD, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, as follows:

A. Declaring that the practices complained of herein are unlawful and violate the Fair Credit Reporting Act;

B. Enjoining Defendant from accessing Plaintiff's credit reports without a permissible purpose;

C. Awarding Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

D. Awarding Plaintiff statutory damages of $1,000.00 for each violation of the FCRA pursuant to 15 U.S.C. §1681n;

E. Awarding Plaintiff punitive damages in an amount to be determined at trial for the underlying FCRA violations pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

F. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

G. Awarding any other relief this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: July 23, 2021

Respectfully Submitted,

**RADLEY J. BRADFORD**

By: /s/ Marwan R. Daher
Marwan R. Daher, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Phone: (630) 575-8181
mdaher@sulaimanlaw.com
*Counsel for Plaintiff*